IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDRA LEE DEMORUELLE and JOSEPH LOUIS DEMORUELLE, | ) ) ) | CIVIL 15-00195 LEK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| United States of America, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

On May 22, 2015, pro se Plaintiffs Sandra Lee Demoruelle ("Ms. Demoruelle") and Joseph Louis Demoruelle ("Mr. Demoruelle," collectively "Plaintiffs") filed their Complaint. [Dkt. no. 1.]  On August 4, 2015, Defendant United States of America ("the Government") filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion").  [Dkt. no. 11.] On August 19, 2015, Plaintiffs filed a memorandum in opposition, and the Government filed a reply on September 4, 2015.  [Dkt. nos. 16, 18.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Government's Motion is HEREBY GRANTED for the

reasons set forth below.

BACKGROUND

The instant lawsuit is brought under the Federal Tort Claims Act ("FTCA") for the Department of Veteran Affairs' ("VA") alleged negligence in their treatment of Plaintiffs' repeated requests for medical-related beneficiary travel ("beneficiary travel") reimbursement payments over the course of twenty-five years.  In 1989, Mr. Demoruelle was awarded a permanent, 100% service-connected disability rating.  Since that time, he has been eligible for beneficiary travel reimbursement for the 150-mile roundtrip journey between his home in Na`alehu and the VA medical facility in Hilo, both on Hawai`i Island.  Starting in 1989, Plaintiffs orally requested reimbursement for beneficiary travel, but were repeatedly told that these reimbursements were only available for inter-island travel to Honolulu, and not intra-island travel.  [Complaint at ¶¶ 4-7, 18.]  In June 2014, Ms. Demoruelle accompanied her husband to the VA's Hilo facility and presented two completed VA Forms 10-3542 for reimbursement. In August 2014, Plaintiffs received beneficiary travel reimbursement for two trips to Hilo.  [Id. at ¶¶ 80-82.]

Plaintiffs allege that they have received no "formal decision" on a number of 2014 reimbursement requests, [id. at ¶ 104,] that expenditures related to Mr. Demoruelle's July 2014 colonoscopy have not been reimbursed, [id. at ¶¶ 98-100,] and

that they have not received a final decision on reimbursement requests for the pre-2014 beneficiary travel [id. at ¶¶ 150-51]. Additionally, Plaintiffs allege that they applied for and were denied a waiver of a three-dollar-per-trip deductible,[1] and their Notice of Disagreement with the denial was not properly transmitted to the Board of Veterans' Appeals ("BVA").  [Id. at ¶¶ 94-97.]  Following what Plaintiffs state was an attempt at "administrative resolution" with the VA's "local and Central Business Office," Plaintiffs filed a FTCA Administrative Claim on November 11, 2014.  [Id. at ¶ 20.]  The VA Regional Counsel confirmed receipt of the administrative claim on November 17, 2014, and the claim was reassigned to VA Pacific Islands Health Care System's ("PIHCS") regional counsel soon thereafter. Plaintiffs waited the requisite six months for a response, and, after not hearing anything from the VA, they filed the instant lawsuit.  [Id. at ¶¶ 21-24.]

Under the FTCA, Plaintiffs allege negligence; negligent infliction of emotional distress; and negligent training, supervision, and retention of tortfeasor agent or agents.  [Id. at ¶ 24.]  They seek special and general damages, post judgment interest, litigation costs, and any further relief the Court deems appropriate.  [Id. at ¶ 259.]

---

[1] Plaintiffs appear to reference a six-dollar deductible at other points in the Complaint.  [Complaint at ¶¶ 149, 177.]

In the Motion, the Government argues that, under the Veterans' Judicial Review Act ("VJRA"), the Secretary of the VA has exclusive jurisdiction over veterans' benefits questions, and this Court lacks subject matter jurisdiction over these issues. The Government also argues that, even if the VJRA did not bar this Court from hearing the instant case, this Court does not have jurisdiction because Plaintiffs "failed to allege the violation of any duty owed to Plaintiffs by the United States that would be owed by a private party to plaintiffs under state law."  [Mem. in Supp. of Motion at 2.]  Finally, the Government contends that at least some of Plaintiffs' claims are barred by the misrepresentation exception to the FTCA.  [Id.]

In response, Plaintiffs assert that this Court has jurisdiction because the instant case is not about benefits, but access to administrative proceedings.  [Mem. in Opp. at 3.] Plaintiffs also cite a number of Hawai`i criminal statutes as the source of the Government's "alleged torts," including perjury, false statements, and tampering with government records.  [Id. at 5-12.]  Plaintiffs counter the Government's misrepresentation argument by asserting that they seek the "performance of an operational task," not guidance or opinions.  [Id. at 12.]

## DISCUSSION

I.     **The Court Lacks Jurisdiction Under the VJRA**

In 1988, Congress overhauled the judicial review

process for VA decisions.  See Veterans for Common Sense v.

Shinseki ("VCS"), 678 F.3d 1013, 1021 (9th Cir. 2012).  Most

relevant to the instant case, § 511 of the VJRA states,

> (a) The Secretary shall decide all questions of
> law and fact necessary to a decision by the
> Secretary under a law that affects the provision
> of benefits by the Secretary to veterans or the
> dependents or survivors of veterans. . . . [T]he
> decision of the Secretary as to any such question
> shall be final and conclusive and may not be
> reviewed by any other official or by any
> court . . . .

38 U.S.C. § 511.  In VCS, the Ninth Circuit held that "§ 511

precludes jurisdiction over a claim if it requires the district

court to review VA decisions that relate to benefits decisions,

including any decision made by the Secretary in the course of

making benefits determinations."  678 F.3d at 1025 (internal

citations and quotation marks omitted).  The Ninth Circuit

continued, "[t]his preclusion extends not only to cases where

adjudicating veterans' claims requires the district court to

determine whether the VA acted properly in handling a veteran's

request for benefits, but also to those decisions that may affect

such cases."  Id.

Plaintiffs submit that their "FTCA personal injury tort

claim 'exists wholly independently of a need for any benefits

determination.'"  [Complaint at ¶ 47 (quoting Anestis v. United

States, 749 F.3d 520, 527 (6th Cir. 2014)).[2]]  However, it is

clear from the Complaint that the gravamen of Plaintiffs' case is

the denial of beneficiary travel reimbursement payments.  See,

e.g., Complaint at ¶ 77 ("Joseph was consistently told by those

at the front desk that there was no [beneficiary travel] payment

for on-island travel."); id. at ¶ 96 ("However, EFT payments for

the limited [beneficiary travel] reimbursements received for

2014-15 medical travel continue to reflect the denial of the

waiver of deductible."); id. at ¶ 114 ("Therefore, the Plaintiffs

have sought to rectify PIHCS and HILO [Community-Based Outpatient

Clinic's ("CBOC")] continuous tortious negligence, wrongful act

or omission in providing [beneficial travel] reimbursement for

the current written requests (as well as outdated oral requests)

as required by federal statute.").

        While Plaintiffs claim that beneficiary travel

reimbursement payments are not a benefit, [Complaint at ¶ 27,]

this Court has ruled otherwise:

---

    [2] The facts in Anestis are clearly distinguishable.  In
Anestis, the widow of a former marine filed suit under the FTCA
when her husband committed suicide soon after being turned away
from two VA clinics.  749 F.3d at 522.  The Sixth Circuit found
that it had jurisdiction, as the plaintiff's claim was that "the
VA violated standards of medical care and its own policies by
refusing treatment when [her husband] presented himself at two VA
facilities in a state of emergency," and had nothing to do with a
VA benefits decision.  Id. at 527.  In fact, both sides agreed
that Anestis's husband was not eligible for VA benefits on the
date in question.  Id.

> [T]he <u>VCS</u> Court explained, "[u]nder the VA's
> regulations, 'benefit' is defined as 'any payment,
> service, . . . or status, entitlement to which is
> determined under laws administered by the
> Department of Veterans Affairs pertaining to
> veterans and their dependents and survivors.'"
> 678 F.3d at 1026 (quoting 38 C.F.R. § 20.3(e)).
> Contrary to Plaintiffs' arguments, the plain
> reading of this definition includes beneficiary
> travel reimbursements.  Further, the Ninth Circuit
> analyzed cases addressing denials of
> reimbursements in the same manner as the denial of
> other veterans' benefits.  <u>See, e.g.</u>, <u>id.</u> at 1024
> (analyzing <u>Price v. United States</u>, 228 F.3d 420,
> 422 (D.C. Cir. 2000), in which the D.C. Circuit
> found that "§ 511 precluded the district court's
> jurisdiction to consider a veteran's claim for
> reimbursement of medical expenses").  This
> interpretation of the regulation is consistent
> with the goal of the VJRA in limiting federal
> court jurisdiction over benefit appeals.  <u>See</u> <u>id.</u>
> at 1021.

<u>Demoruelle v. Pfeffer</u>, Civil No. 14-00547 LEK-BMK, 2015 WL

3463496, at *3 (D. Hawai`i May 29, 2015).  Thus, pursuant to

§ 511 and the Ninth Circuit's holding in <u>VCS</u>, this Court lacks

subject matter jurisdiction over this case, and it must be

dismissed.

## II.   **The Court Lacks Jurisdiction Under the FTCA**

This Court also lacks jurisdiction under the FTCA.  The

FTCA "authorizes private tort actions against the United States

'under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the

law of the place where the act or omission occurred.'"  <u>United

States v. Olson</u>, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C.

§ 1346(b)(1)).  More specifically, "[t]he FTCA waives sovereign

immunity for claims against the federal government arising from torts committed by federal employees."  <u>Foster v. United States</u>, 522 F.3d 1071, 1074 (9th Cir. 2008).   This district court has stated that sovereign immunity is "'jurisdictional in nature,'" and, if claims do not "fall within the provided-for causes of action in the FTCA," there is no jurisdiction.  <u>Dettling v. United States</u>, 983 F. Supp. 2d 1184, 1198-99 (D. Hawai`i 2013) (quoting <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475, 477–78, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)).   As such, "to bring an FTCA claim, a plaintiff must show the same elements that state law requires for the tort cause of action."  <u>Id.</u> (citing <u>Wright v. United States</u>, 719 F.2d 1032, 1034 (9th Cir. 1983), *abrogated on other grounds as stated in* <u>Gasho v. United States</u>, 39 F.3d 1420, 1435 (9th Cir. 1994)).

        Here, Plaintiffs fail to establish a state law source for their negligence claim against the Government.  Plaintiffs' references to Hawai`i law in the Complaint are limited to Haw. Rev. Stat. § 663-1 and § 663-8.9, [Complaint at ¶¶ 199, 227,] neither of which establish that the United States owes a duty to Plaintiffs.[3]  The memorandum in opposition references Hawai`i

---

        [3] Plaintiffs also cite a number of state law tort cases. <u>See, e.g.</u>, Complaint at ¶ 197 (citing <u>Miller v. Reiman-Wuerth Co.</u>, 598 P.2d 20 (Wyo. 1979)); <u>id.</u> at ¶ 198 (citing <u>Leong v. Takasaki</u>, 55 Haw. 398, 520 P.2d 758 (1974); <u>Rodrigues v. State</u>, 52 Haw. 156, 472 P.2d 509 (1970)); <u>id.</u> at ¶ 205 (citing <u>Carter v. Reynolds</u>, 815 A.2d 460 (N.J. 2003)); <u>id.</u> at ¶ 209 (citing <u>Abraham</u>
                                                        (continued...)

criminal law, including the statutes for perjury, false

statements, and tampering with government records.  [Mem. in Opp.

at 5-12.]  However, "these code sections do not create

enforceable individual rights."  Ellis v. City of San Diego, 176

F.3d 1183, 1190 (9th Cir. 1999).  The rest of Plaintiffs' claims

of alleged Government negligence cite to federal statutes and

obligations, including, *inter alia*, VA statutes, [Complaint at

¶ 46;] "federal statute, []VA regulations, policies, procedures

and [Veterans Affairs Central Office] directives," [id. at

¶ 114;] an established VA Ethics directive, [id. at ¶ 139;] and

the Veterans Health Administration Handbook [id. at ¶ 159].

"[T]he FTCA does not waive sovereign immunity for causes of

action where the claimed negligence arises out of the failure of

the United States to carry out federal statutory duties or

otherwise follow federal law."  Dettling, 983 F. Supp. 2d at 1199

(some citations omitted) (citing Meyer, 510 U.S. at 478, 114 S.

Ct. 996).  Because Plaintiffs do not show how the Government's

alleged tortious conduct stems from violations of Hawai`i law,

this Court has no jurisdiction.  The Court makes no findings as

to the merits of Plaintiffs' claims – including application of

---

        ³(...continued)
v. S.E. Onorato Garages, 50 Haw. 628, 446 P.2d 821 (1968); Costa
v. Able Distributors, Inc., 3 Haw. App. 486, 653 P.2d 101
(1982)); id. at ¶ 228 (citing Dillon v. Legg, 441 P.2d 912 (Cal.
1968)).  However, these cases do not establish that the United
States owes a duty to Plaintiffs in this situation.

the FTCA's misrepresentation exception under 28 U.S.C. § 2680(h) – other than that, as currently pled, they do not state a cause of action under the FTCA.

### III. <u>Leave to Amend</u>

This Court has dismissed Plaintiffs' FTCA claims – negligence; negligent infliction of emotional distress; and negligent training, supervision, and retention of tortfeasor agent or agents – without prejudice.  See <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)).  Plaintiffs' desire to improve the VA's support of veterans is commendable.  However, this Court may not act beyond its authority.  See <u>Seismic Reservoir 2020, Inc. v. Paulsson</u>, 785 F.3d 330, 333 (9th Cir. 2015) ("Subject matter jurisdiction defines the court's authority to hear a given type of case." (citations and internal quotation marks omitted)).  Pursuant to the VJRA and the FTCA, this Court lacks subject matter jurisdiction to consider Plaintiffs' claims.

It is arguably possible that Plaintiffs could amend their Complaint to state a claim against the Government over which this Court has jurisdiction.  However, their claims must fall within the narrow exceptions left open by <u>VCS</u> as to facial

constitutional challenges of federal VA statutes or the

implementation of VA procedures unrelated to their specific

claims for beneficiary travel.  Furthermore, any FTCA claims must

clearly identify the state law source of the tort that would

apply to the United States if it were a private person.

Plaintiffs should consider whether they might best be served by

asserting these or related claims in a more appropriate court

such as, for instance, the Veterans Court.

        If Plaintiffs do wish to amend these claims, they must

file an amended complaint by **November 5, 2015**.  Plaintiffs'

amended complaint must include all of the claims that they wish

to pursue, as well as **all** of the allegations that their claims

are based upon, even if they previously presented these

allegations in the original complaint.  Plaintiffs cannot

incorporate any part of the original Complaint into the amended

complaint by merely referencing the Complaint.

        This Court CAUTIONS Plaintiffs that:  if they fail to

file their amended complaint by **November 5, 2015**, this court will

dismiss Plaintiffs' case with prejudice; or, if claim in the

amended complaint fails to cure the defects identified in this

Order, this Court will dismiss that claim with prejudice.

        This Court emphasizes that it has not granted

Plaintiffs leave to make other changes, such as adding new

parties, claims, or theories of liability.  If Plaintiffs wish to

do so, they must file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

### CONCLUSION

On the basis of the foregoing, the Government's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), filed May 22, 2015, is HEREBY GRANTED.  Since this Court does not have jurisdiction over the Complaint, it HEREBY DISMISSES the Complaint WITHOUT PREJUDICE.  If Plaintiffs choose to file an amended complaint, they must do so by **November 5, 2015**, and the amended complaint must comply with the terms of this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 25, 2015.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SANDRA LEE DEMORUELLE, ET AL. VS. UNITED STATES OF AMERICA; CV 15-00195 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**